# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| AMANJ R. ARIF, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13-0442-DGK-SSA |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AFFIRMING COMMISSIONER'S DECISION

Plaintiff Amanj R. Arif ("Arif") seeks judicial review of the Commissioner of Social Security's denial of his application for disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401, *et. seq*. The administrative law judge ("ALJ") found that although Arif suffered from severe impairments of degenerative disc disease of the cervical spine, degenerative joint disease of the left shoulder, mitral stenosis, dizziness, diabetes mellitus, depression, and anxiety, he retained the residual functional capacity ("RFC") to perform light work with certain restrictions. Relying on the testimony of a vocational expert ("VE"), the ALJ found Arif could perform work as a small parts assembler and hand packager inspector.

After careful review, the Court holds the ALJ's decision is supported by substantial evidence on the record as a whole, and the Commissioner's decision is AFFIRMED.

**Factual and Procedural Background**

The medical record is summarized in the parties' briefs and is repeated here only to the extent necessary.

Plaintiff filed his application for disability insurance benefits on June 21, 2010, alleging a disability onset date of June 29, 2008, when he fell on his face and shoulder while working in a hospital kitchen. The Commissioner denied Plaintiff's application at the initial claim level, and Plaintiff appealed the denial to an ALJ. The ALJ held a hearing at which the Plaintiff testified, and on March 16, 2012, the ALJ issued his decision holding Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review on March 14, 2013, leaving the ALJ's decision as the Commissioner's final decision. Plaintiff has exhausted all of his administrative remedies and judicial review is now appropriate under 42 U.S.C. § 405(g).

## Standard of Review

A federal court's review of the Commissioner of Social Security's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). The court must "defer heavily" to the Commissioner's findings and conclusions. *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010). The court may reverse the Commissioner's decision only if it falls outside of the available "zone of choice," and a decision is not outside this zone simply because the court might have decided the case differently were it the initial finder of fact. *Buckner*, 646 F.3d at 556.

**Analysis**

In determining whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of not less than twelve months, 42 U.S.C. § 423(d), the Commissioner follows a five-step sequential evaluation process.[1] Plaintiff contends this case should be reversed or remanded because: (1) the ALJ's RFC determination is not supported by substantial evidence on the record as a whole; and (2) the Commissioner failed to sustain her step-five burden of demonstrating there exists in significant numbers jobs Plaintiff can perform. The Court finds no merit to either argument.

**A. The ALJ's RFC determination is supported by substantial evidence.**

In arguing that the RFC determination is not supported by substantial evidence, Plaintiff claims the ALJ failed to explain how he resolved the inconsistencies and ambiguities in the medical evidence as required by Social Security Ruling ("SSR") 96-8p. For example, Plaintiff notes that although the ALJ wrote he gave "great" weight to the opinion of Dr. Fernando Egea, M.D., he did not adopt Dr. Egea's opinion that Plaintiff could not walk or sit for over forty-five minutes without resting for fifteen minutes. Plaintiff also complains the ALJ failed to include his

---

[1] The five-step process is as follows: First, the Commissioner determines if the applicant is currently engaged in substantial gainful activity. If so, he is not disabled; if not, the inquiry continues. At step two the Commissioner determines if the applicant has a "severe medically determinable physical or mental impairment" or a combination of impairments. If so, and they meet the durational requirement of having lasted or being expected to last for a continuous 12-month period, the inquiry continues; if not, the applicant is considered not disabled. At step three the Commissioner considers whether the impairment is one of specific listing of impairments in Appendix 1 of 20 C.F.R. § 404.1520. If so, the applicant is considered disabled; if not, the inquiry continues. At step four the Commissioner considers if the applicant's residual functional capacity ("RFC") allows the applicant to perform past relevant work. If so, the applicant is not disabled; if not, the inquiry continues. At step five the Commissioner considers whether, in light of the applicant's age, education and work experience, the applicant can perform any other kind of work. 20 C.F.R. § 404.1520(a)(4)(i)-(v); *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009). Through step four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches step five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King*, 564 F.3d at 979 n.2.

own findings in the RFC, and failed to consider a statement from a Social Security Administration ("SSA") employee who interviewed Plaintiff on July 1, 2010.

The ALJ is not required to accompany each finding in his RFC determination with a citation to a list of specific evidence supporting that limitation. SSR 96-8p; *McCoy v. Astrue*, 648 F.3d 605, 615 (8th Cir. 2011). Here, the ALJ devoted six single-spaced pages of his decision to discussing Plaintiff's RFC, R. at 18-24, including his finding that Plaintiff was not fully credible, R. at 18-19, a determination the Plaintiff does not challenge. This was enough to meet SSR 96-8p's requirement that ALJ explain how he "considered and resolved" the evidence.

As for Plaintiff's example, while the ALJ did give "great weight" to Dr. Egea's opinion, by giving it "great weight" he was not required to accept every limitation the doctor suggested. And, in fact, the ALJ gave a good reason for not embracing the resting limitation: there was no objective medical evidence in the record supporting this part of Dr. Egea's opinion. R. at 18. Additionally, the medical expert who testified at the hearing, Dr. Steven Gerber, M.D., opined that Plaintiff could perform light work with postural limitations but had no other credible physical limitations. R. at 35-36.

Plaintiff's claim that the RFC determination is not supported by the record on the whole is similarly meritless. The ALJ's opinion demonstrates his decision was based on Plaintiff's medical records, Plaintiff's testimony, and the ALJ's credibility determination, all of which support the RFC finding. R. at 19-24.

Moreover, the ALJ's failure to specifically refer to the third-party statement from the SSA employee does not warrant reversal or remand. An ALJ is not required to expressly discuss each third-party's statement. "[A]n ALJ is not required to discuss every piece of evidence submitted," and any "failure to cite specific evidence does not indicate that such evidence was

4

not considered." *Wildman v. Astrue*, 596 F.3d 959, 966 (8th Cir. 2010). Furthermore, given that the employee's observations are consistent with the ALJ's findings—namely, that Plaintiff had difficulty with the English language but no difficulties sitting, standing, walking, or using his hands—the employee's statement is cumulative and any error is harmless. *Robertson v. Colvin*, No. 4:12-cv-1419, 2014 WL 106117, at *4 (W.D. Mo. Jan. 10, 2014).

**B.     The ALJ's hypothetical to the VE included Plaintiff's language limitation.**

Finally, the Court rejects the assertion that the ALJ's hypothetical to the VE concerning his ability to perform light, unskilled work failed to include the limitation that Plaintiff could not speak English. Although the ALJ's hypothetical question could have been more explicit, it is clear from the entire record—namely, the fact that an interpreter was present in the hearing room, and that the VE later asked in response to another hypothetical question if included a language limitation—that the VE understood that Plaintiff could not speak English. Furthermore, under the Regulations, an individual who can perform light work but is illiterate or lacks the ability to communicate in English is still considered to be capable of performing the majority of light, unskilled jobs. 20 C.F.R. Pt. 404, Subpt. P, App.2, § 202.00(g). Accordingly, there is no merit to this claim.

### Conclusion

For the reasons discussed above, the Court finds the Commissioner's determination is supported by substantial evidence on the record. The Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:    May 6, 2014                         /s/ Greg Kays
                                             GREG KAYS, CHIEF JUDGE
                                             UNITED STATES DISTRICT COURT

5